*4 X. THIS was an ejectment brought by M’Clary’s heirs, to recover from Lancaster the' possession of a tract of land, the title whereof was asserted by them under the heirs of Nathaniel Evans, deceased.
2. On the trial in that court, the heirs of M’Clary gave in evidence a letter of attorney executed by the heirs of Nathaniel Evans, and purporting to authorize “ William Evans, in their names and to their use, to make deeds of conveyance to any land or lands, that their father, Nathaniel Evans, had given his obligation for;” and, also, read in evidence, a deed of conveyance for the land in contest, executed by Wil-Jiam Evans, the agent named in the letter of attorney, to the heirs of M’Clary. After this evidence was read to the jury, and without any other being introduced. conducing to show that Nathaniel Evans, deceased.had given an obligation for any part of the land in contest, the appellant, Lancaster, moved the court to instruct the jury, that.if they were of opinion no proof had been adduced of Nathaniel Evans’ deceased, having given his obligation to convey the land described in the deed, they must find for the appellant, so far at least as the appellees attempted to derive title through the letter ot attorney; but the motion was overruled, and the instructions refused by the court,
3. We\apprehend the instructions should have been given to the jury. It might not have been improper 10 have withheld the instructions from the jury, if eitlier the letter of attorney or deed of conveyance furnislied any legitimate evidence of an obligation liavjng ¡)ecn given by Nathaniel Evans for the land in con.tCHn For, in that case, as the court could not but have perceived, that evidence was given tending b *5 prove that Nathaniel Evans had given an'obligation for the land, it could not be said to have erred in re. fusing to instruct the jury to find for the appellant, if they should be of opinion no such evidence had been adduced by the appellees But we are not of opinion that either the letter of attorney or deed of convey anee, contains any evidence of an. obligation been given by Nathaniel Evans, for the land in con. test. The letter of attorney certainly contains no such evidence; for it no where suggests what lands Na thaniel Evans had given his obligation for; and the deed of conveyance cannot be admitted to contain any evidence of Nathaniel Evans’ having given an obli gation for the land in contest; for, instead of purporting to have been made in pursuance to such an obliga tin n, the deed alledges one dollar to have been paid by the heirs of M’CIary to William Evans, as the con. siderafion for which it was executed.
"4. If, therefore, we are correct in supposing that neither the letter of attorney or the deed of conveyance^ evidences an obligation to have been given by Na thaniel Evans for the land, it follows, that the court should have given the instructions to the jury; for there was no other evidence introduced conducing to prove the giving of such an obligation ; and unless there was such an obligation, it Is perfectly clear, that the letter of attorney conferred no authority on William Evans to make the deed of conveyance. According to the plain import of the letter of attorney, the power to convey was made to depend upon the’ fact of an obligation having been given by Nathaniel Evans, and in making out title under such a power, it is es. sential to prove that an obligation was given by him.
5. Thus, in an analogous case, it is said, where a power is given to^trustees to sell, for Ihe purpose of raising as much money as the personal estate shall prove deficient in paying the debts, or debts and leg. acies, it seems that unless the personal estate be- actually deficient, the power does not arise, and consequently cannot be duly executed — iS'wg. Vendors, 343. Audio a ca.se of that nature in Cro. Ch. 335, it was determined, thatthecomlition was a precedent con. dition, and thattheperformanceofitouglitto be averred, otherwise the power would not authorize, asale; and that *6 f])e amount of the debts, and the value of the personal ea-ought to be shown, so that the court' might judge whether the condition was performed or not
It results, that the judgment must he reversed with-costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.